SYLVIA CHESSEN KAPLAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kaplan v. Commissioner
Docket No. 3332-75.
United States Tax Court
T.C. Memo 1977-141; 1977 Tax Ct. Memo LEXIS 301; 36 T.C.M. (CCH) 606; T.C.M. (RIA) 770141; May 11, 1977, Filed Samuel L. Kaplan, for the petitioner. David J. Duez, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: Respondent determined a deficiency of $826 in petitioner's Federal income tax for 1972. Due to concessions, the sole issue remaining for decision is whether petitioner is entitled under section 214[1] to a deduction of $1,700 for child care expenses during 1972. All of the facts have been stipulated and are so found. Petitioner, Sylvia Chessen Kaplan, resided in Golden Valley, Minnesota, at the time of filing her petition herein. Petitioner was formerly married to Ronald Chessen (Ronald) and had four children by that marriage: Michael, Rick, Kerrie, and Jill. In 1970 petitioner and Ronald were divorced. The divorce decree awarded custody of all four children to petitioner and required Ronald to pay petitioner $400 per month in child support. The divorce decree, however, *303 was silent as to which parent was entitled to claim the children as dependents for income tax purposes. During 1972 the four children resided with petitioner, and she received $3,100 in child support from Ronald. Petitioner timely filed her Federal income tax return for 1972 on which she reported income of $10,446 from wages and $334 from other sources. Petitioner claimed dependency exemptions for all four children, along with child and dependent care expenses of $1,700 on the return. Subsequently, on June 6, 1974, petitioner entered into a special agreement with her ex-husband modifying the terms of the original settlement agreement which was incorporated into the dtvorce decree. Under the terms of the special agreement, petitioner agreed to withdraw her claim to the dependency exemptions for the children with respect to 1972 and agreed that Ronald would be entitled to such dependency exemptions. After examining petitioner's 1972 Federal income tax return, respondent determined that petitioner was not entitled under section 214 to the $1,700 deduction claimed by her for child care expenses. Section 214, as amended and in force during 1972, generally provided that a taxpayer *304 who maintained a household which included one or more "qualifying individuals" was entitled to deduct certain expenses related to the care of such individuals, if the expenses enabled the taxpayer to be gainfully employed. A "qualifying individual" was defined by section 214(b)(1)(A) to include "a dependent of the taxpayer who is under the age of 15 and with respect to whom the taxpayer is entitled to a deduction under section 151(e)." Petitioner concedes that she is not entitled to a deduction under section 151(e) for 1972 with respect to any of the couple's four children by virtue of the agreement she executed on June 6, 1974. Nevertheless, petitioner urges us to construe section 214(b)(1)(A) as requiring only that she be entitled to such deduction as of December 31, 1972, to enable her to deduct the child care expenses in issue. Viewed in this manner, petitioner argues that since she was entitled to claim a deduction under section 151(e) with respect to her children on December 31, 1972, her subsequent relinguishment of that claim in 1974 is irrelevant to the deductibility of the child care expenses she incurred in 1972. [2]
*305 Unfortunately for petitioner, the statute makes no such distinction. The applicable rules for determining which parent is entitled to claim a child as a dependent for purposes of sections 151(e) and 214, where the parents are divorced, are contained in section 152(e). Section 152(e)(1) provides that in the absence of an agreement between the parents, if the children receive over half their support from their parents, the parent having custody of the children is treated as having provided over half of such support. Section 152(e)(2), however, which is applicable in the present case, provides in part as follows: (2) Special rule.--The child of parents described in paragraph (1) shall be treated as having received over half of his support during the calendar year from the parent not having custody if -- (A)(i) the decree of divorce or of separate maintenance, or a written agreement between the parents applicable to the taxable year beginning in such calendar year, provides that the parent not having custody shall be entitled to any deduction allowable under section 151 for such child, and (ii) such parent not having custody provides at least $600 for the support of *306 such child during the calendar year, * * * (Emphasis supplied.) Thus, while we sympathize with petitioner, her argument must fail for it is clear from the plain language of the statute that the year to which such written agreement between the divorced parents is applicable, rather than the year of its execution, represents the relevant consideration. [3] Therefore, petitioner's concession with respect to the deduction provided for by section 151(e) compels us to conclude that none of the four children were her dependents in 1972 within the meaning of section 152, and she is therefore not entitled to the claimed deduction for child care expenses under section 214. [4]
*307 Decision will be entered for the respondent. Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended, and in force during the year in issue.↩
2. Petitioner also raised an issue as to the constitutionality of sec. 214, I.R.C. 1954↩, in the petition she filed with this Court. Since petitioner has not explained or pursued her position on this point, we consider the issue to have been conceded.
3. The present case does not require us to consider the legal effect of a written agreement between divorced parents which is not executed within the statutory period for filing a claim for refund with respect to the year to which the agreement relates. See Rev. Rul. 70-73, 1970-1 C.B. 29↩. 4. While it is of no comfort to petitioner, the Tax Reform Act of 1976 repealed sec. 214↩ and replaced it with a tax credit by enacting sec. 44(A), applicable to taxable years beginning after December 31, 1975. In so doing, Congress saw fit to provide a special dependency test in the case of divorced parents in sec. 44(f)(5). Under this provision, the parent who has custody of the couple's children may claim the credit irrespective of which parent is entitled to claim the children as dependents.